# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> PAIGE MATHISON, <br><br> Defendant. | No. CR12-4083-MWB <br><br> ORDER REGARDING DEFENDANT'S *PRO SE* MOTION TO STAY RESTITUTION |

## I.   INTRODUCTION AND BACKGROUND

This case is before me on defendant Paige Mathison's *pro se* motion to stay restitution (docket no. 485). In her motion, Mathison seeks to have her Inmate Financial Responsibility Program ("IFRP") payments suspended until she is released from custody. The prosecution has filed a timely response to Mathison's motion in which it argues that, because Mathison is challenging her scheduled payment plan under the IFRP, she should have proceeded under 28 U.S.C. § 2241 in the district of her confinement. Mathison has not filed a reply brief.

In an Indictment returned on August 30, 2012, Mathison was charged, along with several co-defendants, with conspiracy to commit a robbery interfering with commerce, a Hobbs Act offense, in violation of 18 U.S.C. § 1951 (Count 4); aiding and abetting a robbery interfering with commerce, another Hobbs Act offense, in violation of 18 U.S.C. §§ 2 and 1951(Count 5); possession of a firearm in furtherance of a robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2, 921(a)(6), 924(c)(1)(A)(ii) and (B)(l) (Count 6); and receiving or possessing a short-barreled shotgun and aiding and abetting that offense, in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5845(a), 5861(d),

and 5871 (Count 7). On June 19, 2013, following a jury trial, Mathison was convicted on all counts. She was sentenced to 147 months imprisonment and ordered to pay a special assessment of $400 and $600 in restitution. Interest on the restitution was waived. In addition, the judgment provides that:

> While incarcerated, she shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount shall not exceed 50% of the funds available to her through institution or non-institution (community) resources and shall be at least $25 per quarter.

Judgment at 6.

The prosecution indicates in its resistance to Mathison's motion that she has paid $306.83 toward her special assessment and restitution and owes $693.17 on those obligations. Mathison has not disputed these sums.

.

## II. LEGAL ANALYSIS

As noted above, Mathison seeks to suspend her scheduled payment amount under the IFRP. That program is administered by the BOP. However, a challenge to such a BOP administrative program must be filed under 28 U.S.C. § 2241, and in the district of incarceration. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that prisoners' challenges against an "IFRP payment schedule" are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out"); *see also United States v. Diggs*, 578 F.3d 318, 320 (5th Cir. 2009) (holding that defendant's challenge to restitution payments under the IFRP had to be brought in a § 2241 petition after all administrative remedies have been exhausted); *McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir.2010) ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution" of defendant's sentence and are therefore within the "rubric of a § 2241 habeas petition."); *Ihmoud v. Jett*, 272 Fed. App'x 525, 526 (7th

Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241.").

A § 2241 petition must be filed in the judicial district in which the defendant is currently incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Because Mathison is not incarcerated in Iowa, but Alabama, I have no jurisdiction to review her claim. Accordingly, Mathison's *pro se* motion to stay restitution is denied without prejudice.

**IT IS SO ORDERED**.

**DATED** this 3rd day of April, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA